IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00555 DKW (08) |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION TO DENY** |
| vs. | ) | **MOTION FOR COMPASSIONATE** |
| | ) | **RELEASE** |
| DORE OISHI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# FINDINGS AND RECOMMENDATION TO
# DENY MOTION FOR COMPASSIONATE RELEASE

On April 20, 2020, Defendant Dore Oishi ("Defendant") filed a Motion for Compassionate Release pursuant to 18 U.S.C. §§ 3582(a) and (c)(1)(A), asking the Court to release her, or alternatively direct that she fulfill the remainder of her sentence in home confinement, due to the COVID-19 pandemic. ECF No. 466 ("Motion"). The Government filed its opposition to the Motion on April 29, 2020. ECF No. 469 ("Opposition"). The Court decides this matter without a hearing, due in part to some of the challenges posed by the COVID-19 emergency and pursuant to 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules), as incorporated by Rule 12.3 of the Criminal Local Rules.

The Court has carefully reviewed all of the information available to it,

including the record in this case and the Defendant's medical condition, and for the reasons set forth below, it FINDS AND RECOMMENDS that the district court DENY the Motion.

## DISCUSSION

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Previously, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). Defendant bears the burden to establish both that she has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

The Government argues that the statutory exhaustion provision embedded in section 3582(c) requires denial of Defendant's motion. Opposition at 2-13. The Court agrees. Statutory interpretation begins with the text, and section 3582(c)(1)(A) unambiguously instructs that a defendant can only bring a motion to court "after [he] has fully exhausted all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" This requirement is imposed by the statute itself – that is, it is not judicially created – and the statute provides no exceptions to the exhaustion requirement.

The Court is mindful of a growing split as to whether the section 3582(c) exhaustion provision is mandatory. *Compare United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir. Apr. 2, 2020) (declining to remand to the district court because the lack of exhaustion "present[ed] a glaring roadblock foreclosing compassionate release at this point"), *with United States v. Guzman Soto*, No. 1:18-CR-10086-IT, 2020 WL 1905323, at *5 (D. Mass. Apr. 17, 2020) (finding "authority and discretion to waive the thirty-day waiting period based on exigent circumstances"). Because the statutory exhaustion requirement contains no exceptions, the Court finds persuasive those opinions adhering to the plain text of the statute and requiring exhaustion. The Supreme Court has clearly stated that courts may not manufacture exceptions where they do not exist. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that "mandatory language means a court may not excuse a failure to exhaust, even to take 'special circumstances' into account"). As aptly stated by one district court within the Ninth Circuit, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them

to.  Courts may not carve out exceptions that Congress did not provide[.]" *United States v. Cooper*, No. 2:14-CR-00228-JAD-CWH, 2020 WL 2064066, at *2 (D. Nev. Apr. 29, 2020) (denying compassionate release due to lack of exhaustion).[1]

In the instant case, Defendant does not purport to have satisfied the exhaustion requirement, nor does she assert that the BOP's administrative process is futile or otherwise not properly functioning.  Her counsel only states that "Ms. Oishi has notified FDC-Honolulu asking for administrative relief seeking compassionate release on the same grounds."  Motion at PageID# 2268, ¶ 6.  With that information, Defendant asks the Court to waive the statutory exhaustion requirement.  As set forth above, the Court declines to do so, finding instead that exhaustion is required because Congress has specifically mandated it.

Importantly, the Court expresses no view at this time on the substance of Defendant's request for compassionate release or how the BOP should handle it, other than to suggest that it should be considered expeditiously.  If the BOP denies

---

[1] Moreover, as the court in *Cooper* noted, "[t]here are also sound policy reasons to require an inmate to present his COVI-19-compassionate-release request first to the BOP.  The Attorney General has empowered the BOP to transfer 'suitable candidates' with COVID-19 risk factors to home confinement." *Cooper*, 2020 WL 2064066, at *3 n.32 (citing https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf).  "'Because defendant is in BOP custody, the BOP is in a better position to initially determine [his] medical needs, the specific risk of COVID-19 to [him] and the inmates generally' at his facility, 'the risk of the public if [he] is released and whether [his] release plan is adequate.'" *Id.* (alterations in *Cooper*) (quoting *United States v. Read-Forbes*, Criminal Action No. 12-20099-01-KHV, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020)).

Defendant's request, or thirty days lapse from the warden's receipt of such request, whichever occurs first, see 18 U.S.C. § 3582(c)(1)(A), Defendant may refile her Motion.

## CONCLUSION

Based on the foregoing analysis, and pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B), this Court FIND AND RECOMMENDS that the district court DENY Defendant's Motion with leave to refile if the BOP denies Defendant's compassionate release request, or thirty days lapse, whichever occurs first.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 8, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Oishi*, Cr. No. 17-00555 DKW (08); Findings and Recommendation to Deny Motion for Compassionate Release